UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

       **Forte Interactive, Inc.,**                                       Case No. 18-14162-EPK
                                                                         Chapter 7

              Debtor.

_____

**Deborah C. Menotte,**

                                                                           Adversary Number: 20-01070-EPK

              Plaintiff,
  vs.

**SVE, LLC, Greg Richards, Debbie Richards, I
Am Athlete LLC and South Valley Endurance,
LLC,**

              Defendants.

_____

**DEFENDANT I AM ATHLETE LLC'S OBJECTIONS TO TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY BETWEEN THE TRUSTEE AND SVE LLC, GREG RICHARDS, DEBBIE RICHARDS, AND SOUTH VALLEY ENDURANCE LLC**

      Defendant I Am Athlete LLC, by and through its undersigned counsel, hereby files this Objection to the Trustee's Motion for entry of an Order approving the Stipulation to Compromise Controversy (hereinafter "Stipulation of Settlement") between the Trustee and SVE LLC, Greg Richards, Debbie Richards, and South Valley Endurance LLC (collectively, the "SVE Defendants").

FACTUAL BACKGROUND

  A. <u>The Allegations</u>

      In the Amended Complaint, the Trustee alleges that the Debtor, Forte Interactive, Inc., operated a business known as "Race Partner," through which it sold tickets to athletic events and collected a fee per transaction. (Amended Complaint, ¶¶21-23). The Trustee alleged that the

1

SVE Defendants operated a business that provided race timing services for athletic events. (Amended Complaint ¶28). As part of that business, the SVE Defendants developed software for registering event participants, known as Racemine, which was similar to Race Partner. (Amended Complaint ¶29).

In about November 2016, pursuant to a written Letter of Intent, SVE transferred the Racemine software and customer information to the Debtor, in exchange for three payments totaling $125,000. (Amended Complaint ¶32-35).

After the software was purchased, Debtor is alleged to have made three additional $25,000 payments totalling $75,000, representing quarterly distributions of a portion of the operating profits that Debtor earned. (Amended Complaint ¶37-38).

The Amended Complaint also alleges that Debtor made payments totalling approximately $144,000 for maintaining the software, and for costs of "labor" provided by SVE (Amended Complaint ¶37-40), although these payments are not described or identified on the Letter of Intent. (Exh. A to Amended Complaint).

In a separate transaction, the Trustee also alleged that I Am Athlete, LLC and the Debtor engaged in discussions, starting in December 2017, about a corporate merger between those two entities, and a mutual nondisclosure agreement was signed in conjunction with those discussions. (Amended Complaint ¶45-46).

The Amended Complaint alleges that on or about February 22, 2018, Defendants Greg and Debbie Richards and SVE "took the Racemine software and customer information from the Debtor, 'shut it down' and put it back on SVE servers," due to the Debtor's failure to pay its clients. (Amended Complaint ¶47-48).

The Amended Complaint then alleges that Greg and Debbie Richards and SVE LLC

"sold the Racemine software and customer list and information, which they had converted from the Debtor, to IMAthlete. . ." (Amended Complaint ¶49). I Am Athlete LLC denies this allegation, and denies any wrongdoing.

B.  Status of the Litigation

On April 3, 2020, the same date that the Trustee's Motion was filed, I Am Athlete LLC served and filed an Answer to the Complaint, denying the allegations that it had engaged in any violation of the Debtor's rights, as alleged, and filed a Cross-Claim against SVE LLC, Greg Richards, and Debbie Richards seeking contractual defense and indemnification in this action.

The SVE Defendants did not respond to the Cross-Claim and are currently in default.

On April 10, 2020, I Am Athlete LLC served discovery demands on the Trustee that requests documents and information relating to the payments made by the Debtor to SVE LLC, and information regarding the alleged fraudulent transfer, and regarding other allegations in the Amended Complaint. I Am Athlete LLC has also requested a copy of the deposition transcript of Greg Richards, which is referenced in the Complaint, on multiple occasions from the Trustee but has not yet received that document. The deadline for the Trustee to respond to the discovery demands is May 9, 2020. I Am Athlete LLC has not received any documents or evidence in this action from the Trustee or the SVE Defendants.

Both I Am Athlete LLC and its legal counsel have been excluded from participation in any settlement discussions between the SVE Defendants and the Trustee.

C. Stipulation of Settlement

The monetary portion of the Stipulation of Settlement provides for a payment of $70,000 by the SVE Defendants to the Debtor in installments and, in the event of default, consents to either a monetary judgment entered against SVE Defendants in the amount of $125,000 or a

judgment requiring the immediate turnover of all assets that SVE Defendants took from the Debtor. The Stipulation of Settlement also requires the SVE Defendants to cooperate with the Trustee in litigation against I am Athlete LLC.

## ARGUMENT

### POINT I

**THE PROPOSED STIPULATION OF SETTLEMENT VIOLATES THE SINGLE SATISFACTION RULE OF SECTION 550(d) IF CLAIMS AGAINST I AM ATHLETE LLC ARE NOT WITHDRAWN.**

The Stipulation should be rejected unless the case is withdrawn as against I Am Athlete LLC because the Trustee is made whole and there are no further damages to recover.

The Bankruptcy Code only permits one single satisfaction of claims arising under Subsection (a) of 11 U.S.C. §550. See 11 U.S.C. §550(d). "This 'single satisfaction rule' seeks to limit the trustee to a single recovery for his or her fraudulent transfer claim to ensure the bankruptcy estate is put back in its pre-transfer position but receives no windfall through the avoidance provisions." *Trans Cont'l Airlines, Inc. v. Suntrust Mortg., Inc. (In re Pearlman)*, 515 B.R. 887 (Bankr. M.D. Fla. 2014).

As further stated by one Bankruptcy Court: "Section 550(d) typically is used to prevent a trustee from collecting from multiple parties for the same transfer, i.e., an initial transferee and a subsequent transferee." *Id*.

The Trustee alleges that the Debtor paid $125,000 for the Racemine software that it purchased from SVE, and the Stipulation of Settlement requires payment of $70,000, which will increase to $125,000 or will result in a judgment requiring the return of all assets taken by the SVE Defendants, should the SVE Defendants be in default of their obligations under the Stipulation of Settlement.

4

Thus, the proposed Stipulation between the SVE Defendants and the Trustee provides the estate with a substantial payment of $70,000, as well as potential for full repayment of Debtor's funds that it paid to SVE for the software, which the Debtor utilized for its business, and from which it generated profits for approximately two years.  The amount of the Debtor's profits generated from the Racemine registration software is not known to the Movant herein, but those profits were high enough to enable it to make three $25,000 distributions to SVE during calendar year 2017, and therefore the Debtor benefitted from its purchase and partial repayment of $70,000 is potentially sufficient to make the Estate whole.

Any pursuit of a claim against I Am Athlete LLC would violate Section 550(d) of the Bankruptcy Code since the Trustee's claim has been satisfied, and the attorneys' fees that will continue to be incurred by the Trustee to litigate this case against I Am Athlete, LLC would deplete the assets of the estate to the detriment of the creditors.

For these reasons, the Stipulation of Settlement should be rejected as it does not represent a global settlement requiring the withdrawal of all pending claims in this action, and requires the Trustee to incur additional fees and costs to continue to litigate this meritless action against I Am Athlete LLC to seek damages that it has already recovered.

## POINT II

**ALTERNATIVELY, A SIXTY-DAY EXTENSION SHOULD BE GRANTED TO I AM ATHLETE LLC TO SUBMIT SUPPLEMENTAL OBJECTIONS TO THE MOTION, FOLLOWING ITS RECEIPT OF DISCOVERY RELATING TO THE ALLEGED FRAUDULENT TRANSACTION BETWEEN THE SVE DEFENDANTS AND DEBTOR.**

In the alternative, this Court should adjourn the hearing on the Trustee's motion until it has received sufficient information to enable it to determine whether the settlement is in the best interests of the creditors, and to enable I Am Athlete LLC to submit to the Court additional information that addresses the four factors that the Court is required to weigh, as set forth in *In re*

*Justice Oaks II, Ltd*, 989 F.2d 1544, 1549 (11th Cir.), cert denied 498 U.S. 959 (1990); *In re Walker*, 356 B.R. 861 (Bankr. S.D. Fla. 2006)(Court "sustained Objection that there had been insufficient information provided by the Trustee upon which to determine whether the substance of the Trustee's settlement with the Debtor should be approved."). The matter should be continued until such time as the information sought by I Am Athlete LLC from the Trustee is fully provided, and until I Am Athlete LLC then has the opportunity to submit supplemental objections.

The standards under which a settlement is to be considered include (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the interest of the creditors. See *In re Justice Oaks, II, Ltd*., 898 F.2d at 1549.

As a party to this proceeding, I Am Athlete LLC is entitled to, but has not received, documents from the Trustee to enable it to present evidence to the Court, including evidence as to whether or not the Trustee has a probability of success in the litigation against the SVE Defendants, the full amount of damages incurred, and the difficulties, if any, in collecting damages from the SVE Defendants.

The Trustee has not identified what additional damages the Debtor may have incurred that would justify pursuing a claim against I Am Athlete, LLC after the Debtor receives $70,000 from the SVE Defendants. If the Debtor incurred additional damages as a result of the incidents described in the complaint, including SVE's confiscation of the Racemine registration software from the Debtor, then these additional damages should be disclosed to the Court before the Stipulation is approved. These additional damages could potentially render the settlement with SVE inadequate.

Adjourning the hearing to allow the parties to engage in discovery will not cause the estate

to incur additional costs. The discovery phase of this litigation will proceed either way, since the Trustee apparently intends to continue the litigation against I Am Athlete LLC. Additional information about the strength of the Trustee's claims against the SVE Defendants, and the actual damages that Debtor claims to have suffered, would assist this Court in reaching an informed decision about the reasonableness of the settlement with the SVE Defendants.

Therefore, if the settlement will not be a global, comprehensive settlement, including the withdrawal of claims against I Am Athlete, LLC, then this motion should be adjourned until the Trustee has responded to discovery demands, and I Am Athlete has received the information and documents sought, to enable it to supplement its Objections.

## **CONCLUSION**

The Motion to Approve the Stipulation to Compromise Controversy Between SVE LLC, Greg Richard, Debbie Richards and South Valley Endurance LLC should be denied or, alternatively, set aside for sixty days to allow discovery with I Am Athlete LLC to proceed.

Defendant I Am Athlete LLC reserves any and all rights, remedies and obligations to, inter alia, complement, supplement, augment, alter and/or modify this Objection and to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE I Am Athlete requests that this Court issue an order denying the Motion and granting such other relief as this Court deems appropriate, fair and just.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 20 90-1(A).

Dated:	April 27, 2020

| WHITE-BOYD LAW, P.A. | LAW OFFICE OF LAURA WONG-PAN PLLC |
|---|---|
| */s/ Nadine V. White-Boyd* | */s/ Laura Wong-Pan* |
| Nadine V. White-Boyd, Esq. | Laura Wong-Pan (NY Bar No. 2852416) |
| FL Bar No. 184144 | 319 Mill Street |
| 1818 S. Australian Ave., Ste 406 | Poughkeepsie, NY 12601 |
| West Palm Beach, FL 33409 | Telephone: 845-218-1288 |
| Telephone: 561-508-3042 | Facsimile:  845-684-0007 |
|  | Admitted *Pro Hac Vice* |
| Co-Counsel for I Am Athlete, LLC | Co-Counsel for I Am Athlete LLC |

## CERTIFICATE OF SERVICE

I certify that on April 27, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on this service list, either via transmission of Notices of Electronic Filing generated by CM/ECF or by First Class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing as indicated below.

### SERVICE LIST

Notice to Individuals Currently on the List to Receive Electronic Notice:

- Rilyn A. Carnahan, Esq. - rilyn.carnahan@gmlaw.com efileu1092@gmlaw.com; efileu1089@gmlaw.com; efileu1093@gmlaw.com;
- Gregory.stolzberg@gmlaw.com efileu2299@gmlaw.com
- Michael R. Bakst efileu1093@gmlaw.com; ecf.alert+bakst@titlexi.com; efileu1092@gmlaw.com; efileu2170@gmlaw.com
- Eyal Berger  eyal.berger@akerman.com, Jeanette.martinez@akerman.com
- Alan M. Burger aburger@mcdonaldhopkins.com; jpaul@mcdonaldhopkins.com; ltimoteo@mcdonaldhopkins.com
- David C. Cimo dcimo@cmmlawgroup.com; mmark@cmmlawgroup.com; ekelly@cmmlawgroup.com
- Michael Correnti mcorrenti@mtwlegal.com
- Matthew Goldberg matthew@goldbergerfirm.com
- Matthew M Graham mgraham@stearnsweaver.com; wsolomon@stearnsweaver.com; jberkowitz@stearnsweaver.com
- Craig I. Kelly craig@kelleylawoffice.com; tina@kelleylawoffice.com; cassandra@kelleylawoffice.com; kristina@kelleylawoffice.com; debbie@kelleylawoffice.com; dana@kelleylawoffice.com
- Gerard M. Kouri Jr., gmkouripaecf@gmail.com; gmkouri@bellsouth.net
- Kenneth Mather: kmather@gunster.com; tkennedy@gunster.com; mweaver@gunster.com
- Orfelia M. Mayor omayor@ombankruptcy.com; legalservices@pbctax.com
- Deborah Menotte  menottetrustee@gmail.com
- Eugene P. Murphy emurphy@rc.com; akatz@rc.com
- Office of the U.S. Trustee
- Carl T. Williams  cwilliams@hhk.com; jguzman@hhk.com
- William R Wohlsifer  william@infringement-attorney.com
- Nadine White-Boyd   nadine@wblawpa.com

The following is a list of individuals who have received manual notice by U.S. mail:

David Agay
Mcdonald Hopkins LLC
300 North LaSalle, Suite 1400
Chicago Il 60654
American Express Travel Related Services Comp.

c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Big Couch Holdings LLC
c/o Clay Williams
313 Datura Street, Suite 300
West Palm Beach FL 33401

Shara C. Cornell
McDonald Hopkins LLC
300 North LaSalle Street, Suite 1400
Chicago IL 60654
Stan L. Crooks
9645 Lantana Rd

Lake Worth FL 33467
Forte Interactive Inc
147 Gregory Rd
West Palms Beach FL 33405

Melodie H. Hengerer
c/o Godell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore MD 21202

The Achieve Agency, Inc.
c/o Clay Williams
313 Datura Street, Suite 300
West Palm Beach, FL 33401

SVE LLC
18330 Sutter Blvd
Morgan Hill CA 95037-2841

/s/ *Laura Wong-Pan*
Laura Wong-Pan, Esq.
LAW OFFICE OF LAURA WONG-PAN PLLC
319 Mill Street
Poughkeepsie NY 12601
845-218-1288
lwp@laurawongpanlaw.com
New York Bar No. 2852416

Admitted *Pro Hac Vice*